VÁZQUEZ HERMANOS, *S. en C.*, Plaintiff and Appellee, *v.* JUAN VILCHES, Defendant and Appellant.

No. 5128. Argued November 26, 1930.—Decided June 19, 1931.

E. *Rincón Plumey*, L. *Llorens Torres*, and A. *Arroyo Rivera* for appellant. F. *Rodríguez Alverio* for appellee.

MR. JUSTICE ALDREY delivered the opinion of the Court.

This is an action originally brought in a municipal court against Juan Vilches to recover from him the sum of $478.25 as a liquidated balance, accepted by the defendant, of a current account. The complaint was brought in the name of Vázquez Hermanos, *S. en C.*, as a commercial partnership. The plaintiff took an appeal from the judgment rendered by the municipal court, and in the proper district court he filed a motion for leave to amend the complaint, which he attached in its amended form. The latter is substantially identical with the original complaint, the difference being that it is filed in the name of Antonio Vázquez Garay, trading under the name of Vázquez Hermanos, *S. en C.* The defendant opposed the admission of such complaint but the court gave leave to amend and admitted the amended pleading. After a trial, judgment was rendered against the defendant, who has appealed therefrom and assigned two errors, viz: the admission of the amended complaint, and that the judgment is contrary to the pleadings and the proofs.

The amendment to the original complaint was admissible under section 140 of the Code of Civil Procedure, as its pur-

438

pose was to correct an error in the name of the plaintiff. It served to explain that Vázquez Hermanos, *S. en C.*, is the name under which Antonio Vázquez Garay does business. A situation similar to the one presented here occurred in *Succrs. of Schlüter & Co.* v. *Hernández et al.*, 36 P.R.R. 58. The court did not err in granting the amendment, and it could do so before the trial as the motion had been made prior thereto.

The judgment is not contrary to the pleadings or the proofs since the latter support the former, as it was shown that the parties liquidated by mutual agreement the current account, the balance of which is sought to be recovered; that the appellant always dealt with Antonio Vázquez Garay; and that the latter chose to use the trade name of Vázquez Hermanos, *S. en C.*, without there being any such partnership, for the reason that it seemed to him to be a good name for his grocery business.

The judgment appealed from must be affirmed.